UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL CURE MEDICINE LLC, | CASE NO. C19-588 MJP |
| Plaintiff, | ORDER ON MOTION TO RETAX COSTS |
| v. | |
| ALFA PHARMA LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Retax and Deny Costs Awarded by Clerk. (Dkt. No. 87.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 88), Defendants' Motion for Taxation of Costs (Dkt. No. 84), Plaintiff's Opposition to the Motion for Taxation of Costs (Dkt. No. 85) and the Clerk's Order on the Motion for Taxation of Costs (Dkt. No. 86), the Court GRANTS in part and DENIES in part the Motion to Retax.

## BACKGROUND

In ruling on Defendants' Motion for Taxation of Costs, the Clerk awarded costs to Defendants for: (1) two days of trial transcripts; (2) one deposition transcript; (3) printing costs; (4) the cost of a webcam used for the virtual trial; and (5) written translation costs.

Plaintiff disputes the award of these costs. Defendants agree that the translation costs should not have been awarded, but they maintain that all other costs were properly awarded.

## ANALYSIS

**A.     Trial Transcripts**

Plaintiff asks the Court to bar recovery of the costs of trial transcripts on the theory that they were not necessary for any purpose other than convenience of counsel. The award of costs for trial transcripts requires a showing of necessity. 28 U.S.C. § 1920(2). Here, Defendants make that showing. Defendants sought the transcripts to assist in closing argument and to "ensure that Defendant Al-Fayoumi did not need to be recalled in Defendants' case-in-chief," thereby shortening the trial. (See Defs. Mot. for Taxation of Costs at 1-2 (Dkt. No. 84).) The $591.10 cost was properly awarded.

**B.     Deposition Fees**

Defendants were awarded the costs of deposition transcript fees related to Plaintiff's 30(b)(6) witness. Plaintiff argues that because Defendants only "used a few passages as intended impeachment," it should not be considered necessary and should not be reimbursed.

The Ninth Circuit has held "fees for deposition copies" are recoverable under 28 U.S.C. § 1920. See Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam). But this is limited to instances where the copies be "necessarily obtained for use in the case." Id. (citation and quotation omitted).

1    The deposition transcript costs were necessarily incurred for use in the case and the deposition transcript was used effectively during trial. Contrary to Plaintiff's argument, the fact that the deposition transcript was not listed on the pretrial order is not dispositive—transcripts used for impeachment are not required to be included in the pretrial order. The Court affirms the award of the costs for the deposition transcript totaling $1,822.80.

**C.    Printing**

Defendants were awarded $337.50 in costs incurred by a discovery vendor to gather data from defendants' email accounts. Plaintiff claims these costs are not recoverable because they were not necessary to producing any discovery.

As the Ninth Circuit has stated, 28 U.S.C. § 1920(4) "restricts the award of costs to those incurred for copies necessarily obtained for use in the case." In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 928 (9th Cir. 2015). The Ninth Circuit has endorsed the view that "[O]nly the costs of creating the produced duplicates are included [as recoverable], not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication." Id. (quoting CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1328 (Fed. Cir. 2013)). But "[t]he proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." Id.

The billing records provided to the Court support an award of the costs incurred by the vendor to produce Defendant's emails in this action. The vendor's receipt states that the work was to: "Collect Emails from Folder Indicated by Client as PSTs and Upload to FTP (per hour)." (Dkt. No. 84 at 9.) In other words, the vendor made duplicates of all of the emails in Defendants'

accounts and then uploaded them to another location via FTP. The bill does not support Defendants' contention that the work performed also included converting the emails into PDFs. (See Mot. for Bill of Costs at 2 (Dkt. No. 84).) But the harvesting of the email was a necessary step in creating the materials for production even if it did not include conversion to PDFs. Moreover, if the creation of PDFs was performed separately, Defendants have not sought reimbursement for that work. The Court therefore finds these costs necessary and reasonable and affirms their award to Defendants.

**D.  Webcam**

The Clerk awarded $32.58 to Defendants for its counsel's purchase of a webcam used to enable his participation in the virtual civil jury trial. The Clerk relied on Local Rule 54(3)(C), which states that costs shall be allowed for "[e]xpenditures incident to the litigation which were ordered by the court as essential to a proper consideration of the case. . . ." The Court finds the costs of the webcam were properly awarded under Local Rule 54(3)(C). The webcam was necessary and essential to to counsel's ability to comply with the Court's order to conduct the trial remotely via ZoomGov.

**E.  Translation Costs**

The parties agree that the Supreme Court's decision in Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 572, 132 S. Ct. 1997, 182 L.Ed.2d 903 (2012) precludes recovery of costs for document interpretation under 28 U.S.C. § 1828. The Court ORDERS that these costs be retaxed to Defendants and disallowed.

**F.  Discretionary Denial**

Plaintiff asks the Court to exercise its discretion to deny the award of any of the costs sought. The Court declines this invitation and finds the award of the costs proper.

1  **CONCLUSION**

2  The Court DENIES in part the Motion to Retax and finds the Clerk's award of the

3  following costs to be proper: (1) trial transcripts, (2) the deposition transcript, (3) printing costs,

4  and (4) the webcam cost. The Court GRANTS in part the Motion as to the translation costs,

5  which shall be disallowed and not be taxed to Plaintiff.

6  The clerk is ordered to provide copies of this order to all counsel.

7  Dated February 16, 2021.

Marsha J. Pechman
United States District Judge